FILED
09 JAN 23 AM 11:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

GARY GOFF, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

LaSALLE BANK, N.A., as Trustee for the MLMI Trust Series 2006-RM4

Defendant.

CV-09-TMP-0147-W

## COMPLAINT

1. NOW COMES the Plaintiff and as his Complaint against Defendant, LaSalle Bank, N.A, as Trustee for the MLMI Trust Series 2006-RM4, avers as follows:

### JURISDICTION

2. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

3. These claims arise from a real estate loan transaction resulting in a mortgage upon Plaintiff's home, which is located in this district. The Plaintiff asserts claims against Defendant LaSalle Bank, N.A, as Trustee for the MLMI

1 | Page

Trust Series 2006-RM4 ("LaSalle") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of Plaintiff's claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. The Plaintiff alleges that LaSalle, the assignee of the Plaintiff's loan, is liable for rescission and damages because of the failure of the originator of the loan to make accurate disclosures as required under TILA. Specifically, the originator failed to provide adequate notice of Plaintiff's statutory right to cancel the transactions and failed to disclose the payment period. These violations are apparent on the face of the documents. As a consequence of these failures, the Plaintiff has retained his right to cancel the transaction. The Plaintiff has exercised that right by delivering written notice of his election to cancel in accordance with the requirements of TILA. As to the Plaintiff, LaSalle has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiff's loan cancellations. The Plaintiff seeks a court determination that his loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorney's fees and costs. Plaintiff also seeks relief on behalf of others similarly situated.

## THE PARTIES

4.  Plaintiff is of full age of majority and resides in this district.

5. LaSalle Bank, N.A, as Trustee for the MLMI Trust Series 2006-RM4 ("LaSalle") is a Delaware corporation with its principal place of business at Wilmington, Delaware. At all relevant times, LaSalle was engaged in the making, holding and/or selling of federally related residential mortgage loans. LaSalle does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

6. The Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

7. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate

piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

8. A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

9. When a consumer rescinds a transaction, the security interest-giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

10. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower

of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

11. As to the Plaintiff's loan, LaSalle's assignor, Resmae, failed to provide the required notices of the Plaintiff's right to cancel the loan. The form notices that were supplied to Plaintiff were blank and not dated. At no point at or after closing was Plaintiff provided a completed notice of his right to cancel the transaction.

12. Pursuant to TILA, Section 15 U.S.C. §1635, Plaintiff has retained a right to rescind his mortgage with respect to his loan with LaSalle.

13. The Plaintiff has exercised his right to cancel the transaction and has notified LaSalle of his election to cancel as required by 15 U.S.C. § 1635. As to the Plaintiff, LaSalle has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.

14. LaSalle is a "creditor" as that term is defined at 15 U.S.C. §1602(f).

15. Plaintiff Gary Goff at all material times, resided at 4303 6th Street E. in Tuscaloosa, Alabama.

16. On or about June 20th 2006, Mr. Goff obtained a residential real estate mortgage loan with Resmae Mortgage Corporation ("Resmae"). The loan was subsequently assigned to LaSalle. The total amount of the loan was $82,800 and it was secured by a mortgage security interest in Plaintiff's home.

17. In connection with the transaction Plaintiff signed or received the following documents:

   a) A Truth in Lending disclosure statement, Exhibit A, designating Resmae as lender; and

   b) The right to cancel form, Exhibit B.

18. Both of these documents were provided at the closing.

19. The Truth-in-Lending disclosure statement is defective in that it does not disclose the due dates and periods of payments scheduled to repay the indebtedness.

20. The notice of right to cancel is also defective because it fails to state the date of the transaction and the last day for cancellation as requited by Regulation Z.

21. Exhibits A and B are standard form documents issued in connection with numerous transactions, as evidenced by the form numbers at the bottom of each document.

22. On information and belief, it was the standard practice of the Resmae to understate finance charges and to use Truth-in-Lending disclosure forms that omit the required information about payment periods and due dates.

23. On information and belief, it is the standard practice of Resmae to use the form represented by Exhibit B.

24.     These violations are apparent on the face of the documents and the defendant herein is liable pursuant to 15 U.S.C. § 1641.

## RIGHT TO RESCIND

25.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by (a) 15 U.S.C. §§1635, 1640 and 12 C.F.R. §226.23.

26.     Section 226.23 provides:

(a) <u>Consumer's right to rescind</u>.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires....

(f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

27.    Plaintiff has given notice of his election to rescind.

28.    15 U.S.C. § 1635(g) provides:

    Additional relief

> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

## **COUNT ONE - CLASS CLAIMS**

29. Plaintiff incorporates the relevant paragraphs above.

30. The transactions of plaintiff and the members of the class, described below, violated 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

31. Plaintiff brings his claim on behalf of a class. The class consists of (a) all natural persons (b) who obtained non-purchase-money loans that were secured by their residences, (c) on or after a date three years prior to the filing of this action (d) for purposes other than the initial construction or acquisition of those residences, (e) where the person either (i) received a document in the form represented by Exhibit A and/or or (ii) a document in the form represented by Exhibit B at the closing.

32. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 5,000 class members.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. Some of the predominant common questions are:

   a. Whether the Resmae had a practice of using the form Truth-in-Lending act disclosure exemplified Exhibit B in connection its

        loans;

    b.    Whether doing so violates TILA:

    c.    Whether Resmae had a practice of issuing the form notice of right to cancel exemplified Exhibit B;

    d.    Whether doing so violates TILA;

    e.    Whether the class members' loans were assigned to LaSalle;

    f.    Whether the TILA violations were apparent on the face of the documents.

34.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer class action cases.

36.    A class action is superior to other alternative methods of adjudicating this dispute. Most of the class members are unaware of the deception practiced upon them. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of him and the class members and against defendant for:

    a.    A declaration that any class member who so desires may rescind their transaction;

    b.    Statutory damages;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems proper.

## COUNT II- INDIVIDUAL CLAIM

37.    Plaintiff incorporates the relevant paragraphs above.

38.    Plaintiff is entitled to rescind his transaction.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiffs and against defendant:

    a.    A judgment voiding plaintiff's mortgage, capable of recordation in the public records;

    b.    Statutory damages;

    c.    A judgment declaring what obligation if any plaintiff has toward defendant;

    d.    Attorney's fees, litigation expenses and costs of suit;

    e.    Such other or further relief as the Court deems proper.

Respectfully submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.(UNDEE6591)
Attorney for Plaintiffs
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@alalaw.com

/s/Milton Brown, Jr.
Milton Brown, Jr

Attorney at Law, P.C.
2608 8th Street
Tuscaloosa, Al   35401
Tel.:   (205) 391-0620
Fax:   (866) 353-7698
milton@miltonbrownlaw.com

Kenneth J. Riemer (RIEMK8712)
P.O. Box 1206
Mobile AL 36633
Telephone: (251) 432-9212
Facsimile:(251) 433-7172
Email: kjr@alaconsumerlaw.com

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

s/ Earl P. Underwood, Jr., Esq.
EARL P. UNDERWOOD, JR.  (UNDEE6591)

**DEFENDANT LaSALLE TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

LaSalle Bank Corporation
CT Corporation System
208 S. LaSalle St., Ste. 814
Chicago, IL   60604

EXHIBIT A

# TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER OR LENDER'S AGENT:
RESMAE MORTGAGE CORPORATION
6 POINTE DRIVE BREA, CALIFORNIA 92821

BORROWERS: GARY GOFF

[x] Preliminary  [ ] Final
DATE: JUNE 20, 2006
LOAN NO.: 1001938507
Type of Loan: CONVENTIONAL
2282

11.040%

ADDRESS: 4303 6TH ST. E.
CITY/STATE/ZIP: TUSCALOOSA, ALABAMA 35404
PROPERTY: 4303 6TH ST. E., TUSCALOOSA, ALABAMA 35404

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.7757 % | $ 214,529.66 | $ 79,707.81 | $ 294,237.47 |

PAYMENT SCHEDULE:

| Number of Payments | Amount of Payments | Beginning | Number of Payments | Amount of Payments | Beginning |
|---|---|---|---|---|---|
| 24 | 791.03 | Sep 1st, 2006 | | | |
| 335 | 810.25 | Sep 1st, 2008 | | | |
| 1 | 804.00 | Aug 1st, 2036 | | | |

DEMAND FEATURE:  [x] This loan does not have a Demand Feature.  [ ] This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
[x] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at: 4303 6TH ST. E., TUSCALOOSA, ALABAMA 35404

ASSUMPTION:  Someone buying this property  [x] cannot assume the remaining balance due under original mortgage terms
[ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES:  $  174.30

PROPERTY INSURANCE:  [x] Property hazard insurance with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance  [ ] is  [x] is not available through the lender at an estimated cost of $  $0.00  for a  0.00  year term.

LATE CHARGES:  If your payment is more than 15 days late, you will be charged a late charge of  5.000 % of the overdue payment

PREPAYMENT:  If you pay off your loan early, you
[ ] may  [x] will not  have to pay a penalty.
[ ] may  [x] will not  be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
ALL DATES AND NUMERICAL DISCLOSURES, EXCEPT THE LATE CHARGE DISCLOSURES, ARE ESTIMATES.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

GARY GOFF                          BORROWER / DATE                                 BORROWER / DATE

                                   BORROWER / DATE                                 BORROWER / DATE

VMP-795 (9805)         VMP MORTGAGE FORMS - (800)521-7291        Page 1 of 2         5/98

EXHIBIT "B"

LENDER: RESMAE MORTGAGE CORPORATION

PROPERTY: 4303 6TH ST. E., TUSCALOOSA, ALABAMA 35404

LOAN NO.: 1001938507

## NOTICE OF RIGHT TO CANCEL

**YOUR RIGHT TO CANCEL.** You are entering into a transaction that will result in a [mortgage/lien/security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1.) the date of the transaction, which is [          ]; or
2.) the date you received your Truth In Lending disclosures;
3.) the date you received this notice of right to cancel.

If you cancel the transaction, the [mortgage/lien/security interest] is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL.**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
RESMAE MORTGAGE CORPORATION
5300 TOWN AND COUNTRY ROAD SUITE 320, FRISCO, TX 75034

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of [          ], (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL.**

_____     _____
Consumer Signature                                   Date

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective as to all borrowers/owners.

**Receipt of Notice.** I hereby acknowledged that the transaction identified on the face of this Notice was consummated and that I have received one (1) copy of the Federal Truth in Lending Disclosure and two (2) copies of this Notice.

**Do not sign unless the dates in the boxes are completed.**

_____  Date     _____  Date
Borrower/Owner                                                  Borrower/Owner
GARY GOFF

_____  Date     _____  Date
Borrower/Owner                                                  Borrower/Owner

_____  Date     _____  Date
Borrower/Owner                                                  Borrower/Owner

ResMAE (R00048)                              Page 2 of 2