# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **GARY GOFF, on behalf of himself** <br> **and all others similarly situated,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) CASE No. 7:09-cv-147 <br> ) |
| **LaSALLE BANK, N.A., as Trustee for the** <br> **MLMI Trust Series 2006-RM4,** | ) <br> ) <br> ) |
| **Defendant.** | ) |

### PLAINTIFFS' STATEMENT OF OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW the plaintiff and, pursuant to 28 U.S.C. § 636(b)(1) and states his objections to the Report and Recommendation of the Magistrate Judge. Additionally, Plaintiff respectfully requests oral argument on his Objections.

### Introduction

Plaintiffs bring this class action on behalf of residential mortgage borrowers who were deprived the benefit of material disclosures specifically required by the Truth-in-Lending Act ("TILA").

The facts are simple, the case is ideal for class certification and the magistrate erred by finding otherwise. The TILA disclosure form at issue omits the disclosure of the payment period. This is an omission of one of the

disclosures considered by TILA to be "Material." See 15 U.S.C. § 1602(u). Furthermore, Goff was given an undated Right-to-Cancel ("RTC") notice. Each of these violations of TILA and regulation Z entitle a consumer to rescind his or her loan. LaSalle, as assignee of the loan, is liable for the omissions of the originator pursuant to 15 U.S.C. §§ 1635 and 1641(e).

Class-wide rescission on behalf of a group of borrowers is not being sought. Rather, the case seeks a declaration that persons meeting the proposed class definition would be entitled to rescind their loan if they so desire. There is nothing in the statute that would prevent the Court making such a declaration. The Magistrate erred a second time by not so finding.

Finally the Magistrate erred by entertaining the "motion to strike" class allegations at this time. This was procedurally inappropriate both under Fed.R.Civ.P. 12(f)(2) and 23.

## **Specific Objections**

1. The Magistrate incorrectly allowed the untimely "Motion to Strike."

2. The Magistrate prematurely entertained an attack on Goff's class allegations.

3.     The Magistrate incorrectly found that "Both congressional intent and application of Rule 23 underscore the incompatibility of a class action as a remedial vehicle for claims of rescission."

## **ARGUMENT**

### I.  THE MOTION TO STRIKE WAS NOT TIMELY FILED

It is undisputed that the motion at issue was untimely yet the magistrate did not address this fact in the recommendation. A motion to strike a pleading must be filed within 20 days of service. Fed.R.Civ.P. 12(f)(2). The magistrate should have simply recommended denying the motion as untimely.

### II. Consideration of the "Motion to Strike" at this time contravenes Rule 23 requirements.

The Magistrate is incorrectly recommending that LaSalle be allowed to oppose class certification before a motion seeking it has even been filed and before there has been any discovery. As already stated, in Plaintiff's opposition brief, other Courts faced with this maneuver have found it improper.

### III.  Neither congressional intent nor the application of Rule 23 prohibits a declaration that a class of persons are entitled to rescission of their loans.

3

Finally the Magistrate erred in his recommendation that the class allegations be stricken "[t]o the extent that the complaint attempts to allege a claim for a class of consumers seeking rescission." It is conceded that the 1st and 7th circuits have held that TILA rescission is not available on a class-wide basis. *James v. Home Construction Co. of Mobile, Inc.*, 621 F.2d 727 (5th Cir. 1980), on the other hand, was distinguished in Plaintiff's opposing brief. As stated in the opposing brief, the descent in *Andrews v. Chevy Chase Bank*, 545 F. 3d 570, got it right.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully object to the Report and Recommendation of Magistrate Judge and move the Court to review *de novo* Defendant's Motion to Strike Class Allegations and to deny same.

Respectfully submitted this 11th day of August 2009.

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
(UNDEE6591)
Attorney for Plaintiff
Post Office Box 969
Fairhope, AL 36533-0969
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 11th 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Barry A. Ragsdale
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
(205) 930-5100 (Telephone)
(205) 930-5101 (Facsimile)
bragsdale@sirote.com

Kenneth J. Riemer
P.O. Box 1206
Mobile AL 36633
Telephone: (251) 432-9212
Facsimile:(251) 433-7172
kjr@alaconsumerlaw.com

Milton Brown, Jr.
Attorney at Law, P.C.
2608 8th Street
Tuscaloosa, Al   35401
Tel.:   (205) 391-0620
Fax:   (866) 353-7698
milton@miltonbrownlaw.com


                                          /s Earl P. Underwood, Jr.
                                          Earl P. Underwood, Jr.