IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

GARY GOFF, on behalf of      }
himself and others similarly }
situated                     }
                             }      CIVIL ACTION NO.
      Plaintiffs,            }      09-CV-147-TMP-WMA
                             }
v.                           }
                             }
LaSALLE BANK, N.A.,          }
                             }
      Defendant.

<u>**MEMORANDUM OPINION**</u>

Before the court are the objections of plaintiff, Gary Goff ("Goff"), to the July 27, 2009, report of the magistrate judge, recommending that one aspect of Goff's class action complaint be stricken.[1]  For the reasons below, the court agrees with the report and recommendation of the magistrate judge.  Accordingly, the motion of defendant, LaSalle Bank, N.A. ("LaSalle"), to strike all class allegations in the complaint will be granted with respect to the claim seeking a right to rescission.  In all other respects LaSalle's motion will be denied.

**Facts and Procedural History**

In June 2006, Goff obtained a real estate loan from Resmae Mortgage Company ("Resmae"), secured by a mortgage to Resmae. Resmae assigned all of its interest in certain mortgages, including

---

[1] Although Goff requested oral argument on his objections, this court finds oral argument to be unnecessary and will rule on the record before it.  Accordingly, Goff's request for oral argument will be denied.

Goff's, to LaSalle.  On January 23, 2009, Goff filed the instant complaint seeking relief not only for himself but for all others similarly situated, whomever and wherever they may be.  The putative class description, for instance, is not limited to those persons whose mortgages were originated by Resmae.  The class is amorphous.  Goff alleges that the information contained in Resmae's disclosure statement at closing violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* (2006), because it failed to notify Goff (1) of the due date and repayment period of the loan, and (2) of the last day on which Goff could exercise his statutory right of rescission. (Doc. 1, at 1, 5-6.)  Goff seeks both a declaration that his personal mortgage is void *ab initio* and/or should be rescinded, and that "any class member who so desires may rescind their transaction."  (Doc. 1, at 10.)  Goff also seeks damages individually and on behalf of the class.  (Doc. 1, at 10.) LaSalle is the only defendant named in this action, meaning that Resmae is not a defendant.[2]

Service was perfected on LaSalle on January 30, 2009.  (Doc. 4.)  On February 19, 2009, LaSalle answered, denying all material

---

[2] Prior to the institution of this suit, Resmae filed for bankruptcy protection.  Thus, Goff is proceeding solely against LaSalle as assignee of the loans originated by Resmae pursuant to 15 U.S.C. §§ 1641(c) & (e).  Whether Resmae assigned its interests to LaSalle prior to, or as a result of, its bankruptcy is unclear.  LaSalle's answer neither admits nor denies that it currently holds the mortgages that form the basis of this action, which would make it liable under successor-liability for statutory violations committed by the original mortgagee.

allegations.  (Doc. 5.)  On April 29, 2009, sixty-nine (69) days after it filed its answer and eighty-nine (89) days after it was served with Goff's summons and complaint, LaSalle filed a motion pursuant to Rule 23(d)(1)(D), F.R. Civ. P., seeking to strike all class allegations.  (Doc. 12.)  After Goff filed a brief in opposition, the magistrate judge issued his report, recommending that LaSalle's motion be granted insofar as Goff seeks a declaration that the putative class can obtain rescission, but recommending that the class allegations not be stricken insofar as they seek damages for alleged TILA violations.  (Doc. 16, at 8-9.) The magistrate judge allowed fifteen (15) days for the parties to file specific objections to the report.  (Doc. 16, at 9.)  Goff timely objected.  (Doc. 17.)  The report and recommendation was randomly assigned to the undersigned for review. (Doc. 19.)

## Discussion

The United States District Court for the Middle District of Florida recently and succinctly stated the responsibilities of a party who objects to a magistrate judge's report and recommendation.

> If a party wishes to challenge the report and recommendation of a magistrate judge, the party must "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1) (2006). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.,* 208 F. App'x 781, 783

(11th Cir.2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)). . . ."It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784 (citing *Goney v. Clark,* 749 F.2d 5, 7 (3d Cir.1984)).

*Schoendorf v. Toyota of Orlando*, No. 6:08-CV-767-ORL-19DAB, 2009 WL 1075991, at *2 (M.D. Fla. April 21, 2009).  Findings and/or recommendations that are objected to with specificity must be reviewed *de novo* by the district court.  *See* Rule 72(b)(3), F.R. Civ. P.; 28 U.S.C. § 636(b)(1) (2006).  "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citing *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982)).  Goff presents three objections to the report and recommendation.

First, Goff claims that "[t]he Magistrate incorrectly allowed the untimely 'Motion to Strike.'" (Doc. 17, at 2.)  Next, Goff complains that "[t]he Magistrate prematurely entertained an attack on Goff's class allegations."  (Doc. 17, at 2.)  Finally, Goff contends that "[t]he Magistrate incorrectly found that 'Both congressional intent and application of Rule 23 underscore the incompatibility of a class action as a remedial vehicle for claims of rescission.'" (Doc. 17, at 2.)  The court will assume that Goff has been specific enough to be entitled to a *de novo* look at the issues addressed by the magistrate judge.

**I.   LaSalle's Rule 23(d)(1)(D) motion to strike Goff's class**

**allegations was timely filed.**

Goff's first objection is that the magistrate judge erred in recommending that LaSalle's motion be granted because, according to Goff, it was not timely filed. (Doc. 17, at 3). This court disagrees with Goff's contention that LaSalle's motion was untimely.

Goff points out that Rule 12(f), F.R. Civ. P., requires that "a motion to strike a pleading must be filed within 20 days of service [of the pleading]." (Doc. 17, at 3.) It is true that motions under Rule 12(f) should be filed either before a responsive pleading is due or, if no responsive pleading is due, within 20 days after being served with the pleading.[3] Goff's colorably meritorious objection based on Rule 12(f) is flawed in application to this case for two reasons.

First, LaSalle's motion does not invoke Rule 12(f). It invokes Rule 23(d)(1)(D). A cursory reading of Rule 23(d) reveals that the drafters of the current version of Rule 23 did not mandate a deadline for filing motions under Rule 23(d)(1)(D). Moreover, this court is unable to find any reported case in which a court has imposed Rule 12(f)(2)'s twenty (20) day time limit to motions filed pursuant to Rule 23(d)(1)(D), nor has Goff drawn to this court's

---

[3] Absent congressional action to the contrary, on December 1, 2009, amendments to the Federal Rules of Civil Procedure that, *inter alia*, change the time for filing a motion to strike under Rule 12(f)(2) to twenty-one (21) days will take effect.

attention any such case.  A determination of the timeliness of a Rule 23(d)(1)(D) motion is left to the sound discretion of the trial court.  *Cf. Lopez v. Rica Foods, Inc.*, No. 08-17103, 2009 WL 1683332, at *2 (11th Cir. June 17, 2009) (holding that in the absence of binding precedent mandating the time period for filing a motion, the trial court is reviewed for abuse of discretion); *see also* 14 James Wm. Moore et al., Moore's Federal Practice § 83.32 (3d ed. 2008) ("In the absence of controlling law, a judge may regulate practice consistent with the federal rules, federal statutes, and the district court's local rules"); Rule 83(b), F.R. Civ. P.  In the separate order that will accompany this opinion, this court will include a finding designed to permit Goff to petition the Eleventh Circuit for an interlocutory review of the order, giving the Eleventh Circuit the opportunity, should it so desire, to find that this court has abused the discretion it has.

Second, even if LaSalle's motion were deemed a Rule 12(f) motion, the fact that it was not filed within Rule 12(f)(2)'s twenty (20) day time limitation does not preclude the court's consideration of it.  *See U.S. v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1157 (8th Cir. 1992) ("Rule 12(f) also authorizes the district court to act 'upon the court's initiative at any time.' This grant of judicial discretion 'has been interpreted to allow the [district] court to consider untimely motions to strike and to grant them if doing so seems proper. . . . In light of this, the

6

time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit.'"); *CC-Aventura, Inc. v. Weitz Co., LLC*, No. 06-21598-CIV, 2007 WL 2264617, at *1 (S.D. Fla. Aug. 6, 2007); *see also* 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[5] (3d ed. 2009) ("If a party wishes the court to remove any matter from a pleading, it must move to strike before responding . . . or within 20 days of service of the offending pleading. But, **courts have the discretion to extend that time if they choose**." (emphasis added)). The decision of whether or not to treat a Rule 12(f) motion as untimely, if filed late, is within the court's discretion, especially in cases where the motion is clearly meritorious and, if granted, will eliminate extraneous matter that would eventually be eliminated anyway. *See U.S. v. Ramirez*, 324 F.3d 1225, 1226 (11th Cir. 2003).

Although the magistrate judge did not explicitly address this issue, the fact that the report recommends that LaSalle's motion be granted in part signals that the magistrate did not find the motion untimely. After reviewing the record *de novo* this court agrees with the magistrate judge's implicit conclusion that it was entirely appropriate for the court to rule upon LaSalle's motion to strike on its merits, even though filed late.

## II.   LaSalle's Rule 23(d)(1)(D) motion to strike Goff's class allegations was not premature.

In contrast to, and inconsistent with, his first objection,

Goff objects to LaSalle's motion to strike as premature because LaSalle was using a Rule 23(d)(1)(D) motion as an illegitimate vehicle to oppose class certification before any discovery on the issue of class certification had been undertaken and even before a motion for class certification had been filed.  (Doc. 17, at 2-3.)

It is true, as Goff points out, that defendants often interpose Rule 23(d)(1)(D) motions in an attempt to "slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion." *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715, 2006 WL 3422198, at *3 (N.D. Cal. Nov. 28, 2006); *see also* 5 James Wm. Moore et al., Moore's Federal Practice § 23.145 (3d ed. 2007) ("A court may not order deletion of class allegation without giving the class proponent an opportunity to prove the propriety of the class allegation . . . ."). However, motions to strike class allegations are not categorically improper just because they are filed prior to a determination of the issue of class certification.  When the unsuitability of class treatment as to one or more issues is clear from the face of the complaint, and when entertaining a motion to strike does not "mirror the class certification inquiry," motions to strike those allegations may be properly filed and considered before expensive and exhaustive discovery is undertaken.  *In re Initial Public Offering Securities Litigation*, No. 21-MC-92(SAS), 2008 WL 2050781, at *2 (S.D.N.Y. May 13, 2008); *Clark v. McDonald's*

*Corp.*, 213 F.R.D. 198, 205 (D.N.J. 2003) ("A defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."); *Bd. of Educ. of Twp. High Sch. v. Climatemp, Inc.*, Nos. 79-C-3144 & 79-C-4898, 1981 WL 2033, at *2, *5 (N.D. Ill. Feb. 20, 1981) (rejecting plaintiff's argument that it would be procedurally improper to entertain defendant's motion to strike class action allegations prior to a motion by plaintiff to certify class); *see also* 1 Joseph M. McLaughlin, McLaughlin on Class Actions § 3:4 (5th ed.) ("Class allegations also may be stricken when they are asserted in contravention of a clear legal bar against class treatment of the action, **such as . . . the assertion of claims under a statute that does not permit class treatment.**" (emphasis added)).

The magistrate judge's entertainment of LaSalle's motion to strike on its merits was proper despite a lack of discovery or a motion for class certification.

### III. LaSalle's Rule 23(d)(1)(D) motion to strike Goff's class allegations was correct under established Eleventh Circuit law.

LaSalle's motion to strike was based on its argument that under existing Eleventh Circuit precedent, class claims for rescission under TILA are not maintainable, **as a matter of law.** The magistrate judge did not delve into other issues relevant to

class certification, such as the ascertainability of the class, the commonality of the plaintiffs' claims, the adequacy of Goff as a class representative, the numerosity of would-be claimants, or the typicality of the claims being asserted, even though all of these would be required at the class certification stage.  No amount of discovery would aid in the determination of the legal sufficiency of Goff's class allegations **insofar as they seek the remedy of rescission**.  Thus, because the sole question presented in LaSalle's motion to strike is whether Goff's class allegations "are asserted in contravention of a clear legal bar against class treatment," the magistrate judge both properly considered LaSalle's motion and properly recommended that it be partially granted.

Goff, of course, objects to the magistrate judge's finding of the unsuitability of a rescission class under TILA. (Doc. 17, at 3.)  In his response to LaSalle's motion before the magistrate judge, Goff boldly asserted that "LaSalle has pointed to no authority which would require this Court to dismiss the class allegations at this early stage of the litigation and in the absence of any discovery."  (Doc. 13, at 6.)  After the case has reached this court, Goff does not narrow the focus to the only portion of the putative class complaint that the magistrate judge recommends be stricken.

As the report and recommendation stated:

Defendant's motion to strike class allegations correctly contends that the remedy of rescission is simply not

> available as a class remedy. The three circuit courts of
> appeals that have addressed the question under § 1635
> have all concluded that Congress did not intend to
> provide a class-action vehicle for exercising the remedy
> of rescission under TILA. *See James v. Home Construction
> Co. of Mobile, Inc.*, 621 F.2d 727 (5th Cir. 1980);
> *Andrews v. Chevy Chase Bank*, 545 F.3d 570 (7th Cir.
> 2008); *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d
> 418 (1st Cir. 2007).

(Doc. 16, at 4.)   In *James*, the Fifth Circuit clearly held that

class actions were inappropriate in **TILA rescission actions**,

stating, *inter alia*, that "the notion of a class action in this

sort of context would contradict what would seem to be the

Congressional intent about the nature of this action."[4] *James*, 621

F.2d at 730-31.   Citing *James* as authority, the First Circuit in

*McKenna v. First Horizon Home Loan Corp.*, and the Seventh Circuit

in *Andrews v. Chevy Chase Bank*, explicitly held that "as a matter

of law . . . TILA rescission class actions may not be maintained."

*Andrews*, 545 F.3d at 571.

Not only does Goff not cite any post-*Bonner v. Pritchard*

authority by the Eleventh Circuit, but he also fails to cite any

relevant authority from any other circuit.   Instead, he spends his

time trying to distinguish *James* and argues that "the descent [sic]

in *Andrews v. Chevy Chase Bank*, 545 F.3d 570, got it right."   (Doc.

---

[4] As both LaSalle and the magistrate judge have correctly
noted, *James* was decided by the Fifth Circuit prior to its
division to form the Eleventh Circuit.   In *Bonner v. City of
Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the
Eleventh Circuit adopted the decisions of the Fifth Circuit Court
of Appeals rendered before October 1, 1981 as binding precedent.

17, at 4.)  This court is powerless to convert a dissenting opinion from another circuit into a basis for disagreeing with the Eleventh Circuit.  The Eleventh Circuit can, of course, adopt the dissent in *Andrews* if it should choose to do so.  In attempting to distinguish *James*, Goff argues that the plaintiffs there were seeking the actual remedy of rescission, whereas in this case Goff and others "similarly situated" are merely seeking "a declaratory judgment that a class of individuals have the right to rescind if they so wish."  (Doc. 13, at 4.)  Such is a distinction without a difference.  As the *McKenna* court noted in response to a similar argument:

> This bit of legal legerdemain does not get the plaintiffs very far.
> In the final analysis, the professed distinction between a suit for a declaratory judgment that rescission is possible and a suit for rescission simpliciter elevates form over substance. . . . Both of the primary reasons for denying class treatment to actual rescission claims-Congress's manifest intent to shield residential lenders from crushing liability and the highly personal nature of the rescission remedy-apply with equal force to the proposed formation of declaratory rescission classes.

*McKenna*, 475 F.3d at 426 (citation omitted).

Goff also points out that after *James*, TILA has been amended several times, and argues that "[o]n each of these occasions, Congress could have specifically precluded rescission class actions but chose not to."  (Doc. 13, at 4.)  How Goff reaches the conclusion that post-*James* amendments reflect Congress's affirmative intent to allow TILA rescission class actions, or

somehow overrule judicial decisions that prohibit them, is bewildering. Not only do the amendments come nowhere near supporting Goff's contention, but, at least with regard to the so-called Rodash Amendments, there is strong evidence that Congress, after *James*, specifically intended to foil any attempt to certify a TILA rescission class. As the *amici* in *McKenna* noted:

> A similar crisis regarding rescissions arose as a result of the Eleventh Circuit's opinion in *Rodash v. AIBMortgage Co.*, 16 F.3d 1142 (11th Cir. 1994). In *Rodash*, the Eleventh Circuit held that when certain taxes and fees were disclosed, they should have been disclosed as part of the finance charge but were not, so the borrower's loan was rescindable. As a result, numerous class actions were filed against mortgage lenders. *See, e.g.*, H.R. Rep. 104-193, at 52 (noting that *Rodash* "sparked numerous class action lawsuits against lenders").
>
> This threat of mass rescissions spurred Congress to immediate action. In response to *Rodash*, Congress declared a moratorium on TILA class actions. Pub.L. 104-12 (codified at 15 U.S.C. § 1640(i)). The threat of rescission class actions—and the resultant "potential disruption to the secondary mortgage market" and massive lender liability—were the main impetus of this moratorium.
>
> In the wake of the class action moratorium, Congress amended TILA to address "the flood of class action lawsuits that followed the decision in *Rodash*" 141 Cong. Rec. H9513, H9514 (Sept. 27, 1995) (statement of Rep. Leach). The resulting amendments—commonly known as the "*Rodash* Amendments"—were "intended to curtail the devastating liability" that threatened the mortgage industry—liability that was a result of *Rodash*-like class actions "demanding the most draconian remedy available under Truth in Lending—rescission." 141 Cong. Rec. S14566, S14567 (Sept. 28, 1995) (statement of Sen. D'Amato).

*See* Brief for American Bankers Association et al. as Amici Curiae Supporting Petitioner at 14-16, *McKenna v. First Horizon Home Loan*

13

*Corp.*, 475 F.3d 418 (1st Cir. 2007) (No. 06-8018).

Finally, in footnote three (3) of his response to LaSalle's motion, Goff cryptically argues: "Paradoxically a rescission class was eventually approved in *James*.  See *Tower v. Moss*, 625 F.2d 1161 (5th Cir. 1980)."  (Doc. 13, at 4 n.3.)  To the extent that Goff believes that the court in *James* approved a rescission class, he is wrong.  In fact, in the opening paragraph, the Fifth Circuit made clear that it was affirming the district court's determination that a rescission class action could not proceed, stating:

> This is an appeal from a granting of the defendant's motion to dismiss in a Truth-in-Lending Act class action. The district court based its dismissal on two grounds **that a class action was inappropriate for 15 U.S.C. § 1635 actions** and that a successor obligor could not bring a Truth-in-Lending action. We reverse the judgment of the trial court as to the successorship theory but **hold that the plaintiff cannot bring this action as a class action.**

*James*, 621 F.2d at 728 (emphasis added).

Likewise, to the extent that Goff claims that the Fifth Circuit, in *Tower*, reversed its *James* position regarding maintenance of rescission class actions under TILA, his reading of that case is not the reading this court gives it.  *Tower*'s only mention of a class action comes in the court's recitation of the procedural history, which notes that the "suit originated as a class action alleging that the defendant violated the Truth in Lending Act, the Alabama Consumer Finance Act, and the common law of Alabama."  *Tower v. Moss*, 625 F.2d 1161, 1163 (5th Cir. 1980).

14

The Fifth Circuit in *Tower* further noted that it was in **1977** that "the district court certified the plaintiff class." *Id.* Not only is the *Tower* opinion unclear as to which claims served as the basis for class certification, but assuming *arguendo* that a rescission class under TILA was in fact certified by the district court, such certification occurred three (3) years before the holding in *James* that such actions are unsuitable for class treatment. In short, *Tower* provides no support to Goff's position.

## Conclusion

It is for these reasons that the magistrate judge was correct in determining that rescission classes are not maintainable under TILA as a matter of law, and not just in this case. After conducting a *de novo* review, this court finds that LaSalle's motion to strike the class allegations contained in Goff's complaint is timely, not premature, and due to be partially granted. Accordingly, the court will overrule Goff's objections and will accept the findings and recommendation of the magistrate judge. An appropriate separate order will be entered.

DONE this 16th day of September, 2009.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE