FILED

2009 Oct-05  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| GARY GOFF, on behalf of  himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **CASE NUMBER:**  7:09-cv-147 ) |
| LaSALLE BANK, N.A., as Trustee for the MLMI Trust Series 2006-RM4, | ) ) ) |
| Defendant. | ) ) |

### UNOPPOSED MOTION TO STAY PROCEEDINGS
### PENDING RESOLUTION OF PETITION FOR INTERLOCUTORY APPEAL

Pursuant to Fed. R. Civ. P. 6(b) and 26(c), Plaintiff, respectfully moves this Court for an Order staying these proceedings, until ten (10) days after the final disposition of his Petition for Interlocutory Appeal. The motion is unopposed by the defendant. Goff shows as grounds for this motion:

**I.    STATEMENT OF FACTS**

1.    Plaintiff, Gary Goff filed his complaint on January 23rd 2009.

2.    The complaint contains only two counts. Count One requests a declaration that a class of homeowners are eligible to rescind their mortgages under 15 U.S.C. § 1635 while Count Two seeks to enforce the rescission rights of the named plaintiff individually.

3.    LaSalle moved to dismiss the class allegations in their entirety on April 29th 2009 and after briefing by the parties the magistrate recommended that "insofar as the complaint seeks class treatment of a claim for rescission, the motion to strike is due to be granted."

4.    On September 16th 2009 the Court adopted the recommendation and in its Order certified its decision for interlocutory appeal pursuant to 28 U.S.C.§ 1292(b).

5.      Plaintiff filed a Petition for Interlocutory Appeal in the Eleventh Circuit on

September 29th 2009 and the same has been docketed with case Number 90-90025-H.

6.      Additionally, the prior stay of discovery entered in this case expires by its own

terms thirty (30) days after the ruling on LaSalle's motion to dismiss.

## II.    ARGUMENT AND CITATIONS OF LEGAL AUTHORITY

7.      The Federal Rules give this Court broad discretion to enlarge deadlines:

> When by these rules or by a notice given thereunder or by order of
> court an act is required or allowed to be done at or within a
> specified time, the court for cause shown may at any time in its
> discretion (1) with or without motion or notice order the period
> enlarged if request therefore is made before the expiration of the
> period originally prescribed or as extended by a previous order ….

Fed. R. Civ. P. 6(b)

8.      The Federal Rules similarly give this Court broad authority over discovery

matters:

> Upon motion by a party … the court in which the action is pending
> … may make any order which justice requires to protect a party or
> person from annoyance, embarrassment, oppression, or undue
> burden or expense, including … that the disclosure or discovery
> not be had …

Fed. R. Civ. P. 26(c). Under the facts of this case, the Court should exercise its discretion to stay

all discovery pending resolution of Equifax's motion to dismiss.

9.      Here, LaSalle has filed a motion to dismiss class allegations that was granted in

part and depending on whether the dismissal order is affirmed or reversed the court will be left

with a much different case requiring different discovery.

10.      Where, as here, one party has filed a dispositive motion directed to the legal

sufficiency of his adversary's claims, the Eleventh Circuit and the other Courts of Appeals have

approved orders staying discovery pending disposition of the motion. *See, e.g., Patterson v.*

*United States Postal Serv.,* 901 F.2d 927, 929 (11th Cir. 1990) (no abuse of discretion to stay discovery pending rulings on defendant's potentially dispositive pretrial motion); *Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 975-76 (11th Cir. 1985) (proper exercise of discretion to cancel deposition pending ruling on motion to dismiss); *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir. 1976) ("no possible abuse of discretion" to stay general discovery pending disposition of dispositive motion); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Sprague v. Brook,* 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (collecting cases); *see also Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ("discovery should not be allowed" until threshold issue of qualified immunity is resolved). The Eleventh Circuit has limited this discretion, however, tilting the balance heavily in favor of issuing a stay where, as here, a party has filed a motion to dismiss for failure to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353 (11th Cir. 1997).

11.     Although the Court has granted LaSalle's motion, it recognized that the legal issue giving rise to the motion is one as to which there is substantial ground for difference of opinion. Accordingly, the Court certified its order for interlocutory review pursuant to 28 U.S.C. § 1292(b).    Also, as stated by the Court, grounds exist for an interlocutory appeal under Fed.R.Civ.P. 23(f).

12.     Goff's Petition for Interlocutory Appeal will raise one legal issue regarding the propriety of class relief under 15 U.S.C. § 1635.

13.     If the Petition for Interlocutory Appeal is granted and the Eleventh Circuit rules for Goff any discovery would have to redone. This would be wasteful and unnecessary. Staying

all proceedings conserves the resources of the parties and the Court and avoids unnecessary duplication of effort.

## III.    CONCLUSION

For the foregoing reasons, Goff requests that the Court enter an Order (a) staying these proceedings until ten (10) days after the final disposition of Goff's Petition for Interlocutory Appeal.

Respectfully submitted this 5th day of October, 2009.


/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5th 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Barry A. Ragsdale
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
(205) 930-5100 (Telephone)
(205) 930-5101 (Facsimile)
bragsdale@sirote.com

Kenneth J. Riemer
P.O. Box 1206
Mobile AL 36633
Telephone: (251) 432-9212
Facsimile:(251) 433-7172
kjr@alaconsumerlaw.com

Milton Brown, Jr.
Attorney at Law, P.C.
2608 8th Street
Tuscaloosa, Al   35401
Tel.:   (205) 391-0620
Fax:   (866) 353-7698
milton@miltonbrownlaw.com


/s Earl P. Underwood, Jr.
Earl P. Underwood, Jr.