FILED
2010 May-17 PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **GARY GOFF, on behalf of himself and all others similarly situated,** | § § | |
| Plaintiff, | § | |
| v. | § | Case No.: 7:09-cv-00147-TMP |
| **LaSALLE BANK, N.A., as Trustee for the MLMI Trust Series 2006-RM4,** | § § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS PURSUANT TO RULE 12(C)

COMES NOW BAC Home Loans Servicing, LP, Successor by Merger to Wilshire Credit Corporation, as Attorney-In-Fact for U.S. Bank N.A., as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-RM4 (incorrectly identified in the Complaint as "LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-RM4") (hereinafter "the Trust"), Defendant in the above-styled action, and, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, moves this Court to enter judgment on the pleadings in favor of the Trust on the Plaintiff Gary

Goff's (hereinafter "Goff") individual and class claims for statutory damages under the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601-67e, because such claims are time-barred. The Trust further moves this Court to enter judgment on the pleadings in favor of the Trust on Goff's claim for rescission because his statutory right of rescission has expired. In support thereof, the Trust states as follows:

## GOFF'S COMPLAINT

1. On January 23, 2009, Goff filed the instant action. *See* Compl. Goff alleges that certain disclosures required to be made by TILA were not made to him in connection with a real estate mortgage transaction concerning Goff's home. *See* Compl. ¶ 3. Goff also claims that the Trust, as the assignee of Goff's mortgage loan, is liable to him for rescission and statutory damages because of the alleged failure of the originator to make the required disclosures. *See id.*

2. Goff alleges that on or about June 20, 2006, he obtained a residential real estate mortgage loan with Resmae Mortgage Corporation ("Resmae"). *See* Compl. ¶ 16. Goff further alleges that the loan was subsequently transferred to the Trust. *See id.*

3. Goff admits that, in connection with the closing of the June 20, 2006 real estate mortgage transaction, he signed or received a Truth-in-Lending ("TIL") Disclosure Statement (*see* Compl., Exh. A) and a Right to Cancel form (*see* Compl., Exh. B). *See* Compl. ¶ 17-18.

4. Regarding the TIL Disclosure Statement, Goff claims that the statement does not disclose the due dates and periods of payments scheduled to repay the indebtedness. *See* Compl. ¶ 19.

5. Regarding the Right to Cancel form, Goff alleges that the notice is defective because it does not state the date of the transaction, nor does it state the last day for cancellation. *See* Compl. ¶ 20.

6. Goff demands statutory damages on behalf of himself and on behalf of a class of allegedly similarly-situated persons who obtained non-purchase-money loans secured by their residences on or after a date three years prior to the filing of the lawsuit. *See* Compl. ¶ 31, Count I—Demand for Relief (b), Count II—Demand for Relief (b).

7. Goff also brings a claim for rescission of his mortgage, claiming that he has retained the right to rescind his mortgage pursuant to 15 U.S.C. § 1635. *See* Compl. ¶ 12, 38.

8. The Trust has raised an affirmative defense based on the statute of limitations in its Answer to Goff's Complaint. *See* Answer.

### STANDARD OF REVIEW

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

> Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint.

*Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citations omitted). *See also Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010); *Hart v. Hodges*, 587 F.3d 1288, 1294 n.4 (11th Cir. 2009); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Barber v. Conradi*, 51 F. Supp. 2d 1257, 1261 (N.D. Ala. 1999). "The court applies the same standard when ruling on a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings." *Ross v. State of Ala.*, 893 F.Supp. 1545, 1548 (M.D. Ala. 1995). "All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008).

Although Eleventh Circuit precedent indicates that "[j]udgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (*Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002), this element of the standard of review seems inconsistent with the recent United States Supreme Court decisions in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See*

*Parsons & Whittemore Enterprises Corp. v. Cello Energy, LLC*, 2009 WL 323081 at *2 (S.D. Ala. 2009). The *Twombly* decision retired the "no set of facts" standard in evaluating a motion to dismiss. *Twombly*, 550 U.S. at 562. Given the similarity between a Rule 12(b)(6) motion and a Rule 12(c) motion, the new standard for evaluating a motion to dismiss as articulated in *Twombly* should be used in evaluating a Rule 12(c) motion. *See Parsons*, 2009 WL 323081 at *2. Now, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 562. "In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff." *U.S. v. Alabama Dept. Mental Health, Mental Retardation*, 2010 WL 447399 at *2 (M.D. Ala. 2010) (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007)).

"Although a plaintiff's complaint must be construed liberally and his facts accepted as true, judgment on the pleadings is appropriate where the action is barred by the applicable statute of limitations." *Board of Educ. of Estill County, Kentucky v. Zurich Ins. Co.* 180 F. Supp. 2d 890, 891 (E.D. Ky. 2002). *See also Hady v. Hunt-Wesson, Inc.* 63 F. Supp. 2d 830, 831 (N.D. Ohio 1999) ("A motion for judgment on the pleadings is appropriate when, as here, the statute of limitations is alleged to bar the plaintiff's claim."); *S and S Const., Inc. of*

*Anderson v. Reliance Ins. Co.*, 42 F. Supp. 2d 622, 623 (D. S.C. 1998) ("When the statute of limitations is alleged as a bar to Plaintiff's claims, a motion under Rule 12(c) is appropriate."); *Varrone v. Bilotti*, 851 F. Supp. 54, 56 (E.D.N.Y. 1993) ("[A] statute of limitations defense properly is the subject of a Rule 12(c) motion.").

## ARGUMENT

### I. Plaintiff's claim for statutory damages is barred by the statute of limitations and is therefore due to be dismissed.

Under TILA, an action for damages has a one (1) year statute of limitations. *See* 15 U.S.C. § 1640(e). "Any action under this section may be brought in any United States district court . . . **within one year from the date of the occurrence of the violation**." *Id.* (emphasis added). *See also McMillian v. AMC Mortg. Sers, Inc.*, 560 F. Supp. 2d 1210, 1221 (S.D. Ala. 2008). The Eleventh Circuit has held that a TILA violation occurs "when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Velardo v. Fremont Investment & Loan*, 298 Fed. Appx. 890, 2008 WL 4768850, at *2 (11th Cir. 2008) (citing *In re Smith,* 737 F.2d 1549, 1552 (11th Cir. 1984)).

Even taking each of the allegations contained in his Complaint as true, Goff's claim for damages is time barred. Goff obtained his residential mortgage loan on June 20, 2006. *See* Compl., ¶ 16. Therefore, the statute of limitations on

Goff's TILA claim for damages expired on June 20, 2007. *See* 15 U.S.C. § 1640(e).  Goff did not commence this action until January 23, 2009, two years and seven months after the transaction was consummated. *See* Compl.  Consequently, Goff's claim for statutory damages is untimely and due to be dismissed.

Similarly, Goff's claim for damages on behalf of a class is due to be dismissed.  Goff's Complaint demands statutory damages for allegedly similarly-situated persons who obtained non-purchase-money loans secured by their residences on or after a date **three** years prior to the filing of the lawsuit. *See* Compl. ¶ 31, Count I—Demand for Relief (b).  Because a claim for TILA damages must be filed within one year from the date of the occurrence of the violation (*see* 16 U.S.C. § 1640(e)), the statute of limitations for proposed class members whose transactions occurred more than one year prior to the filing of the lawsuit (including Goff himself) has expired and the claims are time-barred.  Consequently, Goff's class claim for statutory damages is untimely and is due to be dismissed.

II. **Plaintiff's right to the rescission of his mortgage loan has expired and is thus due to be dismissed.**

Ordinarily, a borrower's right to rescind under TILA extends only until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required

under this subchapter, whichever is later. *See* 15 U.S.C. § 1635(a). This standard three-day period extends to three years in the event that the required information, forms, and <u>material</u> disclosures are not provided. *See id.* § 1635(f); *see also Smith v. Highland Bank*, 108 F.3d 1325, 1326 (11th Cir. 1997); *McMillan v. AMC Mortgage Services, Inc.*, 560 F. Supp. 2d 1210, 1217 (S.D. Ala. 2008).

>   **A. The Notice of Right to Cancel Form contained a clear and conspicuous notice of Plaintiff's right of rescission, and thus Plaintiff is not entitled to the extended rescission period.**

Plaintiff alleges that Resmae failed to provide the required notices regarding Plaintiff's right to cancel the loan. *See* Compl. at ¶ 11, Exh. B. Plaintiff claims that because the Right to Cancel Notice was blank and undated, Plaintiff is entitled to the extended three-year right of rescission rather than the standard three-day rescission period. *See* Compl. at ¶ 11.

Judge Steele in the Southern District of Alabama recently considered whether a borrower's rescission rights extend to three years pursuant to 15 U.S.C. § 1635(f) where certain dates on the Right to Cancel notice are left blank. *McMillan v. AMC Mortgage Services, Inc.*, 560 F. Supp. 2d 1210 (S.D. Ala. 2008). In *McMillan*, a case substantially similar to the one at hand, the court held that the lack of a specific deadline in a document notifying borrower of their right to cancel did not violate TILA disclosure requirements so as to extend the statutory rescission period from three days to three years. *Id.* at 1221. The McMillans

sought to rescind the loan under TILA, alleging that because the Right to Cancel notice did not comply with TILA because two boxes on the notice (one indicating the document signing date and the other indicating the final date to cancel) were left blank, their right to rescind was subject to the expanded three-year period. AMC moved to dismiss their complaint, arguing that the McMillans' right to rescission was subject to the three-day period.

In considering AMC's motion to dismiss, the court first examined the statutory language of TILA, which requires that the lender "'clearly and conspicuously disclose . . . the rights of the obligor.'" *Id.* at 1218 (quoting 15 U.S.C. § 1635(f)). The court then observed the Eleventh Circuit's guidance that district courts should refrain from adopting "a hypertechnical reading of any part of TILA.'" *Id.* (quoting *Smith v. Highland Bank*, 108 F.3d 1325, 1327 n.4 (11th Cir. 1997)). The court also noted that the Eleventh Circuit has held that "'TILA does not require perfect notice; rather it requires a clear and conspicuous notice of rescission rights.'" *Id.* (quoting *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996)). In assessing the adequacy of TILA disclosures, the court noted that it "must adopt 'the vantage point of a hypothetical average consumer—a consumer who is neither particularly sophisticated nor particularly dense.'" *Id.* at 1218 n.13 (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 28 (1st Cir. 2006)).

The court then turned its attention to the Notice of Right to Cancel at issue. The court found that the Notice

> clearly and unambiguously stat[ed] that [the McMillans] had "a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from" the latest of the date of the closing, the date of the TILA disclosures, or the date of the notice of right to cancel. Although the Notice of Right to Cancel did not specify a date certain for cancellation, **this Court is of the opinion that no reasonably attentive consumer reading that Notice could have failed to appreciate the existence and running of the three-day rescission period.**

*Id.* at 1219-20 (emphasis added). The court further noted that, while the notice furnished to the McMillans was not "a technically perfect, textbook example of 'best practices' under TILA," the Eleventh Circuit has "expressly declared that 'TILA does not require perfect notice' and has cautioned that 'Congress would not have us adopt a hypertechnical reading of any part of TILA.'" *Id.* at 1220 (quoting *Smith*, 108 F.3d at 1327 n.4). Furthermore, in the Eleventh Circuit, "even if a lender's forms are imperfect as to technical aspects of the notice requirements specified in TILA or Regulation Z, no enlargement of the three-day rescission period occurs so long as those forms furnish 'clear and conspicuous notice of rescission rights.'" *Id.* at 1221 (quoting *Smith*, 108 F.3d at 1327). Judge Steele concluded that, applying the Eleventh Circuit's guidance in *Smith*, the Notice of Right to Cancel forms provided the McMillans the requisite clear and conspicuous

notice of their rescission rights under TILA. *Id.* Consequently, the court held that the McMillans were not entitled to the extended three-year rescission period under § 1635(f), but were instead subject to the standard three-day period under § 1635(a). *Id.*

In another recent case from the Southern District of Alabama, Judge DuBose had an opportunity to consider the court's analysis in *McMillan* in another case similar to the one at hand. *Ward v. Lime Financial Services Ltd.*, 2009 WL 3425676 (S.D. Ala. Oct. 22, 2009). As in *McMillan*, the Wards alleged that loan originator left blank certain items on the Notice of Right to Cancel forms, including the ending date for the statutory three-day right of rescission, and that they were therefore entitled to the extended three-year rescission period. In moving to dismiss the Wards' claims, the defendants relied on the *McMillan* decision that the failure to identify a date certain for rescission was not a material violation that would give rise to the extended right of rescission. In response, Plaintiffs argued that (1) *McMillan* involved only one incomplete blank, while the notice provided to them issues involved two incomplete blanks, and (2) that *McMillan* was wrongly decided.

The court rejected both arguments. *Id.* at *4. In reviewing the *McMillan* decision, the court found that it "correctly stated the law applicable in this Circuit," and that the proper standard was whether the notice provided "'a

clear and conspicuous notice of rescission rights.'" *Id.* at *5 (quoting *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996)). Even though the notices at issue did not contain an express statement of the rescission deadline, they were signed and dated by the borrowers and thus it was "a simple matter for a reasonable borrower to calculated the date by which they were required to exercise their rescission rights from the information provided." *Id.* Because the court found that the notices "were clear and conspicuous, despite the lack of an express statement of the rescission deadline, plaintiffs [were] not entitled to the three-year rescission period," and thus their claim for rescission was dismissed. *Id.*

The opinions in *McMillan* and *Ward* are instructive in the case at hand. Goff claims that he is entitled to the extended three-year right of rescission because Resmae, the Trust's assignor, failed to provide the required notice of Goff's right to cancel the loan because "the form notices that were supplied to [Goff] were blank and not dated [and] [a]t no point at or after closing was [Goff] provided a completed notice of his right to cancel the transaction." *See* Compl. at ¶ 11. Under the Eleventh Circuit's decision in *Smith*, and the Southern District's opinions in *McMillan* and *Ward*, the question is not whether the Notice is technically perfect, but whether the Notice clearly and conspicuously informed Goff of his rescission rights. *See Ward*, 2009 WL 3425676 at *5; *McMillan*, 560 F. Supp. 2d at 1218.

In the present case, the alleged Notice of Right to Cancel, attached as Exhibit "B" to the Complaint, does reflect that the blanks for both the date of the transaction and the final date of cancellation were not filled in.[1] *See* Compl., Exh. B. The Notice, however, clearly and unambiguously informs Goff as follows:

> You have a right to cancel this transaction, without cost, within three business days from whichever of the following events occurs last: 1) the date of the transaction, which is _____; 2) the date you received your Truth in Lending disclosures; 3) the date you received this notice of right to cancel.

*See* Compl., Exh. B. Although the Notice attached as Exhibit "B" does not specify a date certain for cancellation or the date of the transaction, as a matter of law, "no reasonably attentive consumer reading that Notice could have failed to appreciate the existence and running of the three-day rescission period." *See McMillan*, 560 F. Supp. 2d at 1219-20. While Exhibit "B" to the Complaint may not be a "technically perfect, textbook example of 'best practices' under TILA," Eleventh Circuit precedent is clear that "TILA does not require perfect notice" and that "Congress would not have us adopt a hypertechnical reading of any part of TILA." *See McMillan*, 560 F. Supp. 2d at 1221; *Smith*, 108 F.3d at 1327 n.4. In the Eleventh Circuit, a borrower is not entitled to an enlargement of the three-day rescission period "even if a lender's forms are imperfect as to technical aspects of

---

[1] The Trust denies that this is an accurate copy of the Notice provided to Goff; indeed, it is not signed by Goff. The Trust further denies that this is a copy of the only Notice that was provided to Goff.

the notice requirements specified in TILA or Regulation Z, . . . so long as those forms furnish 'clear and conspicuous notice of rescission rights.'" *McMillan*, 560 F. Supp. 2d at 1221 (quoting *Smith*, 108 F.3d at 1327).

Under *McMillan* and *Ward*, even if the Notice attached as Exhibit B is not technically perfect, it clearly and conspicuously informs Goff of his TILA three-day right of rescission under TILA, and "[n]o reasonably attentive consumer reading that Notice could have failed to appreciate the existence and running of the three-day rescission period." *See McMillan*, 560 F. Supp. 2d at 1219-20. As discussed above, a mere technical defect in a rescission notice does not entitle Goff to the extended three-year right of rescission under § 1635(f). *See id.* Consequently, Goff is not eligible for the three-year rescission period, but is instead subject to the standard three-day period. *See id.* Goff obtained his residential mortgage loan on June 20, 2006. *See* Compl., ¶ 16. Therefore, the right of rescission expired on June 23, 2007, three days after the loan was closed on June 20, 2006. *See* 15 U.S.C. § 1640(e). Goff did not commence this action until January 23, 2009, two years and seven months after the transaction was consummated. Consequently, Goff's right for rescission has expired, and his claim to rescind his mortgage is therefore untimely and due to be dismissed.

**B. The TIL Disclosure Statement contained a clear and conspicuous notice of the required disclosures, and thus Plaintiff is not entitled to the extended rescission period.**

Plaintiff alleges that the TIL Disclosure Statement attached as Exhibit "A" to his Complaint is defective because it does not state that the due dates or the payment periods for the repayment of the loan. Exhibit "A" to Plaintiff's Complaint provides the following repayment schedule:

24 payments of $791.03, due beginning September 1, 2006

335 payments of $819.25, due beginning September 1, 2008

1 payment of $804.00, due beginning August 1, 2036.

*See* Compl., Exh. A. The word "monthly" is omitted from the statement attached as Exhibit "A" to the Complaint. *See id.*

In July 2009, the United States Bankruptcy Court for the District of Massachusetts had an opportunity to consider whether the omission of "monthly" from a TIL disclosure statement prevents such a disclosure from being considered "material." *DiVittorio v. HSBC Bank, USA, N.A.*, 2009 WL 2246138 (Bankr. D. Mass. July 23, 2009) (remanded on other grounds, *DiVittorio v. HSBC Bank, USA, N.A.*, 423 B.R. 391 (D. Mass. 2010). In *DiVittorio*, the plaintiff alleged violations of the Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), the Massachusetts analog to TILA. The plaintiff sought to rescind his mortgage loan because the TIL disclosure statement omitted the word "monthly" from the

repayment schedule. Like TILA, the CCCDA requires a lender to disclose the number, amounts, and timing of payments scheduled to repay the obligation secured by the mortgage. These items are considered material disclosures, and a borrower has an extended right of rescission if the lender fails to make the disclosures. The disclosure statement at issue stated the following schedule: 24 payments due May 1, 2003; 335 payments due May 1, 2005; and one payment due April 1, 2033. Because the disclosures did not state that the payments were to be made monthly, the borrower argued that he had an extended right of rescission.

Noting that the First Circuit has repeatedly rejected a hyper-technical reading of TILA, the court observed that the proper standard in considering whether disclosures are material is whether such disclosures are "clear and conspicuous." *Id.* Thus, the court examined whether an average consumer, who "is neither particularly sophisticated nor particularly dense," would be confused by the repayment schedule set forth in the TIL disclosure statement. *Id.* Examining the payment schedule at issue, the court stated:

> As a literal reading is nonsensical, the logical import of the repayment schedule is that each series of payments begins on the date stated. As the number of payments in each series equals the number of months in between each due date, the average consumer would easily conclude, even in the absence of the word "monthly," that the payment interval is monthly with the due date beginning the first of each month.

*Id.* at *12. Thus, the court found that the First Circuit would consider the omission of the word "monthly" from the TIL disclosure statement to be a hyper-technical defect because it does not affect the average consumer's ability to understand the TIL disclosure. *Id.* Thus, the bankruptcy court dismissed the borrower's claim for rescission based on the failure to state that payments were to be made monthly. *Id.*

As set forth above, the disclosure statement at issue in this case sets forth the number of payments to be made in each series of payments, the amounts of each such payments, and the date on which each series of payments are to begin. As in *DiVittorio*, the number of payments in each series equals the number of months in between each due date. *See* Compl., Exh. A. The statement reflects that the first series of 24 payments were to begin on September 1, 2006, and that the second series of 335 payments of $819.25 were to begin on September 1, 2008. The second series of payments is scheduled to begin 24 months after September 1, 2006, and thus the average consumer can understand the 24 payments of $791.03 were to be made monthly. The statement then reflects that the third series of payments, one payment of $804, is due beginning August 1, 2036, exactly 335 months after the payments of $819.25 were to begin on September 1, 2008—corresponding to the 335 payments in the second series. Thus, the average consumer would easily conclude, even in the absence of the word "monthly", that the payment interval is monthly with the due date being the first of each month.

*See DiVittorio*, 2009 WL 2246138 at *12; *see also McMillan*, 560 F. Supp. 2d at 1221; *Smith*, 108 F.3d at 1327 n.4.

  Notably, Plaintiff does not claim that the omission of the word "monthly" from the TIL disclosure statement confused him or prevented him from understanding the schedule. *See generally* Compl.. As explained above, the TIL Disclosure Statement attached as Exhibit A to Plaintiff's Complaint provides clear and conspicuous notice of the required TIL disclosures. Plaintiff clearly seeks to rescind his loan based on a hyper-technical defect in the TIL statement. Thus, adopting "the vantage point of a hypothetical average consumer—a consumer who is neither particularly sophisticated nor particularly dense," no enlargement of the three-day rescission period occurs because the TIL Disclosure Statement furnished clear and conspicuous notice of the Plaintiff's obligations. *See McMillan v. AMC Mortgage Services, Inc.*, 560 F. Supp. 2d 1210, 1218 (S.D. Ala. 2008).

  Goff alleges that he obtained his residential mortgage loan on June 20, 2006. *See* Compl., ¶ 16. As set forth above, he received clear and conspicuous notices of the required TILA disclosures via the TIL Disclosure Statement. Therefore, Goff was entitled only to the three-day right of rescission, which expired on June 23, 2007. *See* 15 U.S.C. § 1640(e). Goff did not commence this action until January 23, 2009, two years and seven months after the transaction was consummated. *See* Compl. Consequently, Goff's right for rescission has expired,

and therefore his claim to rescind his mortgage is untimely and due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trust respectfully requests this Court to dismiss Goff's claim for statutory damages and for rescission as time-barred.

Respectfully submitted,

*/s/ Meaghan E. Ryan*
Kerry P. McInerney
Stephen R. Geisler
Barry A. Ragsdale
Meaghan E. Ryan

Attorneys for Defendant LaSalle Bank, N.A.

**OF COUNSEL**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
(205) 930-5100  (Telephone)
(205) 930-5101  (Facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify on this the 17th day of May, 2010 that a true and correct copy of the above and foregoing was filed with the CM/ECF which will cause a copy to be served on all counsel of record as follows:

Earl P. Underwood, Jr.
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, Alabama 36533-0969

Milton Brown, Jr.
Milton Brown Jr. Attorney at Law, P.C.
2608 8th Street
Tuscaloosa, AL 35401

                                                      */s/ Meaghan E. Ryan*_____
                                                      **OF COUNSEL**