IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GARY GOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 7:09-cv-147-TMP |
| ) | |
| LaSALLE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the court on the motion for judgment on the pleadings (Doc. 34) filed May 17, 2010, by defendant LaSalle Bank,N.A., as trustee for the MLMI Trust Series 2006-RM4.[1] The plaintiff has filed a brief in opposition to the motion (Doc. 40), and defendant has a filed a reply (Doc. 41). The parties have not consented to the jurisdiction of the undersigned magistrate judge; accordingly, the court enters this report and recommendation that the motion be granted and this case dismissed with prejudice.

---

[1] Defendant asserts that the loan has since been transferred to or acquired by BAC Home Loans Servicing, LP, ("BAC"), which is the proper defendant. BAC is a successor by merger to Wilshire Credit Corporation, as attorney in fact for U.S. Bank, N.A., as successor trustee to Bank of American, N.A., as successor by merger to LaSalle Bank, N.A., as trustee for the MLMI Trust Series 2006-RM4. LaSalle, as trustee, apparently acquired the loan at issue from Resmae Mortgage Corporation, the entity that engaged in the transaction at issue with the plaintiff. Defendant has further asserted, and plaintiff does not dispute, that the complaint incorrectly identifies the defendant as LaSalle, when BAC is the proper party. All prior pleadings have referred to the defendant as LaSalle, and the court continues to do so herein for consistency's sake.

Background

At the heart of the instant action is a real estate mortgage transaction entered into between the plaintiff, Gary Goff, and Resmae Mortgage Corporation on June 20, 2006. The mortgage loan note was eventually assigned to LaSalle, as trustee of a real estate mortgage trust. The plaintiff filed the instant action on behalf of himself and others similarly situated, seeking statutory damages and rescission under the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-67(e).[2] LaSalle seeks judgment on the pleadings, contending that the plaintiff's right to rescission has expired, and that any claim for statutory damages under the TILA is barred by the applicable statute of limitations.

As alleged in the complaint, Goff obtained a residential real estate mortgage loan from Resmae Mortgage Corporation, which was closed on June 20, 2006. At the closing, Goff signed and received a Truth-In-Lending disclosure statement, attached to the complaint as Exhibit A, and a right-to-cancel form, attached to the complaint as Exhibit B. Plaintiff claims that the requirements of the TILA were violated in the closing statement because it did not reflect the due dates and period of payments scheduled for repayment of the debt. Plaintiff further alleges that the right-to-cancel form was defective under the TILA because it did not state the date of the transaction or a specific date for expiration of the right to rescind. Goff seeks statutory damages and rescission of his mortgage loan contract.

The defendant's instant motion seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed — but early enough

---

[2]   The class claims seeking rescission have been dismissed (Doc. 43), leaving only plaintiff's individual claims for rescission and damages.

not to delay trial — a party may move for judgment on the pleadings." The Eleventh Circuit has noted:

> Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999).

Horsley v. Rivera, 292 F. 3d 695, 700 (11th Cir. 2002). The court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Ross v. Alabama, 893 F. Supp. 1545, 1548 (M.D. Ala. 1995).

The standard governing Rule 12(b)(6) motions to dismiss has changed recently. For many years, the standard relied upon was the "no-set-of-facts" test announced in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), in which the Supreme Court stated that a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." 355 U.S. at 45-46. Three years ago, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court clearly rejected the Conley standard, raising the threshold for factual allegations in a complaint from that which is merely "conceivable" to that which is "plausible." 550 U.S. at 564. Twombly instructs that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough" and "this famous observation has earned its retirement." 550 U.S. at 562-63. Two years later, the Supreme Court reiterated its adherence to a heightened

standard for the pleading of facts in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). Accordingly, because Rule 12(c) motions utilize the same analytical framework as Rule 12(b)(6) motions, the court must evaluate the Rule 12(c) motion in light of the Twombly standard.

Discussion

Taking the factual allegations of the complaint as true, it alleges that plaintiff borrowed over $82,000 from Resmae Mortgage Corporation, secured by a mortgage in real estate owned by plaintiff. The loan transaction was closed on June 20, 2006, at which time plaintiff received the Truth-In-Lending Disclosure Statement (dated June 20, 2006) and the undated Notice of Right to Cancel, attached as Exhibits A and B to the complaint. At paragraph 13 of the complaint, filed by plaintiff on January 23, 2009, it is alleged that he "has exercised his right to cancel the transaction and has notified LaSalle of his election to cancel as required by 15 U.S.C. § 1635," and that "LaSalle has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan." In its answer to the complaint, LaSalle asserts the affirmative defense that the TILA claims are barred by the one-year statute of limitations applicable to them.

The Truth In Lending Act provides for a one-year statute of limitations with respect to any action for damages. 15 U.S.C. § 1640(e). Under Eleventh Circuit precedent, a TILA violation occurs "when the transaction is consummated," Velardo v. Fremont Investment & Loan, 298 Fed. Appx. 890, 892 (11th Cir. 2008), and non-disclosure does not constitute a continuing violation for

purposes of the TILA statute of limitations.  In re Smith, 737 F. 2d 1549, 1552 (11th Cir. 1984). Once the alleged violation occurs at the time of the transaction, the one-year limitation period begins to run.

In this case, defendant asserts the affirmative defense that Goff's claim for damages is time barred.[3]  It is undisputed that Goff obtained his mortgage loan on June 20, 2006, and was given a copy of the documents attached to the complaint as Exhibits A and B on the same date. (Complaint, ¶ 16).  It was on that date, therefore, that the transaction occurred, and any claim for violation of the TILA accrued.  Accordingly, the TILA statute bars any claim for damages filed more than one year later, after June 20, 2007.  15 U.S.C. § 1640(e).  The instant complaint was filed January 23, 2009, more than two years and seven months after the transaction was completed.  Consequently, any claim for damages arising from defects in the TILA disclosure documents given to plaintiff at the mortgage closing are time-barred.

Plaintiff argues that a second, actionable TILA violation occurred when the plaintiff sought to rescind the contract on September 30, 2008,[4] and the defendant failed to respond.  While the court agrees that a failure to comply with the procedures set forth in 15 U.S.C. § 1635 may create a separate cause of action under the TILA, the rescission still must be initiated by the consumer in a timely fashion.  Assuming, therefore, that plaintiff sufficiently alleged that he attempted to rescind

---

[3]  While the statute may be equitably tolled under certain circumstances such as fraudulent concealment of the consumer's right to rescind, Velardo, 298 Fed. Appx. at 892, plaintiff does not argue that he is entitled to such tolling, nor do the pleadings suggest any grounds for such an extension of the deadline.

[4]  This date appears for the first time in plaintiff's response to the motion for judgment on the pleadings.  Although he alleges in the complaint that he has exercised his right of rescission, he did not allege when that occurred.

the loan transaction as late as September of 2008, the issue becomes whether this is a timely exercise of the right of rescission.

Defendant contends that the plaintiff's right of rescission under TILA extends only until midnight of the third business day following the transaction, which in this case is the same date on which the plaintiff received the TILA disclosure and rescission information. The right to rescind is set forth in 15 U.S.C. § 1635(a), which provides the borrower with the right to rescind "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later...." The notice given to the borrower concerning the right to rescind "shall clearly and conspicuously disclose ... [t]he date on which the rescission period expires." 12 C.F.R. § 226.23(b)(1)(i)-(v).[5]

In response to this argument, plaintiff contends that the Notice of Right to Cancel given to him on June 20, 2006, was defective and failed to "clearly and conspicuously disclose" to him his right to rescind. He points out that the Notice of Right to Cancel contains neither the date of the transaction nor the date by which the right of rescission must be exercised. Because of this defect, the right of rescission was extended to three years following the June 20, 2006, loan closing, making his September 2008 effort to rescind timely.

---

[5] The plaintiff points to the Official Staff Commentary to Section 226.23(b)(1), which states that the information "must" be included in the right-to-cancel notice. The court does not dispute that, with or without the Commentary, Regulation Z requires that the "date" be included; the question is whether a "date" can be set forth only as a month/day/year, or whether a date can be explained in other terms.

In the event a lender fails to provide the required TILA information or forms, the three-day period for rescission may be extended to three years where the "material" disclosures are not given. 15 U.S.C. § 1635(f); Smith v. Highland Bank, 108 F. 3d 1325, 1326 (11th Cir. 1997). Material disclosures are defined as the "annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)." 12 C.F.R. § 226.23(a)(3) n. 48. Plaintiff argues that he is entitled to a three-year period in which to invoke his right to rescission because the right-to-cancel form was not properly filled out to show the month, day, and year on which the three-day period expired, and because the disclosure page did not specify that his payments were due monthly.

"Clear and Conspicuous" Disclosure

In Smith, the Eleventh Circuit Court of Appeals noted that the extended period for rescission may be available where the disclosure is defective, but further explained that "a lender's compliance with the notice provision is not mechanical" but requires the court to "scrutinize the circumstances of the transaction." 108 F.3d at 1327, citing Rodash v. AIB Mortgage Co., 16 F.3d 1142 (11th Cir. 1994). Moreover, the appellate court has determined that Congress intended for courts to eschew a "hypertechnical reading of any part of TILA" and to avoid allowing a lender's "innocent mistake" from bringing a windfall to the plaintiff or his lawyers. 108 F.3d 1327 n.4.[6] Under prevailing law,

---

[6] Defendant correctly points out that the authorities relied upon by plaintiff are from the Seventh Circuit Court of Appeals, which admits that it employs a "hyper-technical" reading of the TILA, more stringent than that employed by other circuits, including the Eleventh. Specifically, the plaintiff's argument arises from the opinion in Hamm v. Ameriquest Mortgage Co., 506 F.3d 525 (7th Cir. 2007). Plaintiff further attaches a decision from a magistrate judge in the Southern

the TILA does not require "perfect notice," but only "clear and conspicuous notice of rescission rights." 308 F.3d at 1327; Veale v. Citibank, 85 F.3d 577, 581 (11th Cir. 1996); see also Smith v. Chapman, 614 F.2d 968, 972 (5th Cir. 1980).[7]

Plaintiff argues that he is entitled to the three-year period of time in which to rescind his loan based upon his contention that Resmae failed to provide the required notices. Plaintiff does not claim that no form was provided to him, but rather argues that the right-to-cancel form was blank and undated. (Complaint, Ex. B). A review of the right-to-cancel form given to plaintiff indicates that two blanks on the form were not filled in: the date of the transaction and the date by which the right of rescission had to be exercised. There is no dispute that the form clearly informed plaintiff that he had "a legal right under federal law to cancel this transaction, without cost, within three business days" from the last of any of three events: (1) the date of the transaction, (2) the date the disclosure is received, or (3) the date the right-to-cancel form is received. By plaintiff's own allegations in the complaint, these three dates are the same, June 20, 2006. Rather, plaintiff complains that the form contained a blank next to the first "event," in which the lender should have written the date of the transaction, but did not. The plaintiff further complains that the form also contains a blank in which the lender should have written the date at which the midnight deadline for exercising the right to rescind would have occurred, but the blank was not filled in. There is no dispute that the date of the transaction, the date the disclosure was received by plaintiff, and the date

---

District of Alabama, which relies on the Hamm reasoning, a concept rejected in this and most other circuits. See also, Handy v. Anchor Mortgage Corp., 464 F.3d 760, 764 (7th Cir. 2006).

[7]     The fact that these cases were decided prior to the 1995 Amendments to Regulation Z is of no moment, as the amendments and Official Commentary have not made any changes that would affect this reasoning.

the right-to-cancel form was received, was June 20, 2006. There further is no dispute that the blanks were not filled in with either the date of the transaction or the date of the midnight deadline.

The question of law before this court which determines whether the defendant is entitled to a judgment on the pleadings regarding the right-to-cancel form turns on whether the form was defective so as to trigger the three-year statute of limitation. In the parlance of the TILA, did the form fail to "clearly and conspicuously disclose" to plaintiff that he had the right to cancel the mortgage transaction within three business days after it occurred. If the form is not defective under the law, then the right to rescind expired three business days after June 20, 2006.[8] June 20th fell on a Tuesday that year, and the three-day period thus expired at midnight on Friday, June 23, 2006.[9]

Right-to-Cancel Form

In this case, the right-to-cancel form, while not technically perfect, was more than sufficient to inform the plaintiff that he had three days in which to rescind the contract. Although the form was

---

[8] If the attempt to rescind made by plaintiff in 2008 was untimely, then it cannot trigger another one-year deadline – otherwise, any borrower could render the statute of limitations meaningless by simply attempting, however belatedly, to rescind any transaction that involved TILA-mandated disclosures.

[9] The court has taken judicial notice that June 20, 2006, was a Tuesday, by examining a calendar from that year. The court may take judicial notice of an adjudicative fact not reasonably subject to controversy. See Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204 (11th Cir. 2004) (observing that advisory committee notes following FRE 201(a) explain that "it is proper to take judicial notice of facts with a 'high degree of indisputability' that are 'outside the area of reasonable controversy' "); Usery v. Tamiami Trail Tours, Inc., 531 F.2d 224, 244 n.52 (5th Cir. 1976) (judicial notice is proper only when the noticed fact is not reasonably subject to dispute because "it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Rule 201(b)").

undated and the deadline was not written in, the language clearly and conspicuously explained the three events that triggered the time in which to rescind, and it clearly and conspicuously explained that the period in which he could exercise the right to rescind was three business days. Plaintiff's argument, that the right-to-cancel form was defective because 12 C.F.R. § 226.23(b)(1) requires that the "date the rescission period expires" must be included on the form, is based upon a hypertechnical reading of the TILA requirements. While other courts have held that the absence of a specified date can be "confusing" and create a violation, this court is not persuaded that such a finding applies here. For example, in King v. Long Beach Mortgage Co., 672 F. Supp. 2d 238 (D. Mass 2009), the transaction occurred on a Wednesday, and the court found that the average consumer would be confused about then the three-day period would expire because "Regulation Z adopts a counter-intuitive definition of business day that includes Saturdays." 672 F. Supp. 2d at 250, citing 12 C.F.R. § 226.2(a)(6). In this case, there is no Saturday falling within the three days. The transaction and the delivery of the Notice of Right to Cancel form occurred on a Tuesday, and any reasonable consumer would understand that business days later would be a Friday. Even though it ultimately decided that a similar blank space on a rescission notice created a question of fact as to whether such a form failed to comply with Regulation Z, the district court is Massachusetts aptly described the more lenient standard that must be applied:

> The clear and conspicuous standard does not require perfect compliance with every single disclosure requirement set out in Regulation Z. *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 16 (1st Cir. 2007) ("Most Courts have concluded that TILA's clear and conspicuous standard is less demanding than a requirement of perfect notice."); *Veale v. Citibank*, 85 F.3d 577, 581 (11th Cir.1996) ("TILA does not require perfect notice; rather it requires a clear and conspicuous notice ..."); *Smith v. Chapman*, 614 F.2d 968, 972 (5th Cir.1980) ("Strict compliance does not

necessarily mean punctilious compliance if, with minor deviations from the language described in [TILA], there is still a substantial, clear disclosure of the fact or information demanded by the applicable statute or regulation."). In line with the majority of circuits, the First Circuit analyzes the sufficiency of the Notice objectively, based on whether the average consumer would find it confusing. *Palmer v. Champion Mortgage,* 465 F.3d 24, 28-29 (1st Cir. 2006).

The average consumer test adopted in *Palmer* gives effect to Congressional intent. In 1968, Congress enacted TILA "to assure a meaningful disclosure of credit terms" and "to protect the consumer against inaccurate and unfair credit ... practices." 15 U.S.C. § 1601(a). Since its enactment, however, an onslaught of consumer class-action lawsuits have exploited TILA's generous consumer protection provisions by invoking the powerful rescission remedy for mere technical disclosure violations. *McKenna*, 475 F.3d at 424. In response, Congress passed the Truth in Lending Act Amendments of 1995 to set "higher tolerance levels for what it viewed as honest mistakes in carrying out disclosure obligations." *Id.* The current statutory language, as amended in 1995, is aimed at preventing creditors from facing overwhelming and "draconian" liability (rescission) for relatively minor violations. *Id.* (citing Truth in Lending Act Amendments of 1995, Pub. L. No. 104-29 § 3, 109 Stat. 271, 272-73; 141 Cong. Rec. S14566, 14567 (statement of Rep. D'Amato)). These measures are necessary to prevent a "financial disaster in the mortgage industry." *McKenna*, 475 F.3d at 424 (citing 141 Cong. Rec. S14566, 14568 (statement of Rep. Mack)). The average consumer test adopted by the First Circuit provides a higher tolerance level for non-confusing technical mistakes in disclosures to consumers, just as Congress intended.

King v. Long Beach Mortgage Co., 672 F. Supp. 2d 238, 249 (D. Mass. 2009). This court declines to hold that "three business days" from a date known to plaintiff can never constitute a "date" for purposes of the regulation. By reading the form given to him, plaintiff was clearly and conspicuously informed that three business days after receiving the form, the right to cancel the transaction without cost expired. No reasonable consumer, given the form plaintiff received, would be confused that he had only three days thereafter to exercise the right to rescind. See McMillian v. AMC Mortg. Services, Inc., 560 F.Supp. 2d 1210, 1219-1220 (S.D.Ala. 2008). Any reasonable consumer participating in a loan closing would know the date on which the closing occurred, and,

thus, would know the date on which he was given the notice-of-right-to-cancel form. Plaintiff admits as much. The calculation of three business days thereafter was not difficult or confusing. In this case, therefore, the failure to fill in the blanks on the form is more akin to an "innocent mistake" by the lender, and not such a defect as to prevent the form from "clearly and conspicuously disclos[ing]" to the consumer the deadline by which the right to cancel had to be exercised.

This case is also similar to a recent case from the First Circuit Court of Appeals, which, like the Eleventh Circuit, has rejected a "hyper-technical" reading of the TILA requirements. In Melfi v. WMC Mortage Corp., 568 F.3d 309 (1st Cir. 1009), the court stated:

> The answer is that there is no evidence in TILA or any Board regulation that either Congress or the Board intended to render the form a nullity because of an uncompleted blank in the form or similar flaw where, as here, it could not possibly have caused Melfi to think that he had months in order to rescind. The central purpose of the disclosure – the short notice period for rescission at will – was plain despite the blanks. Melfi's argument assumes, rather than establishes, that a penalty was intended.

568 F.3d at 313. As in Melfi, the plaintiff in this case had no reason to believe that his right to rescind extended beyond three business days. The date that the rescission right expired could be easily calculated from the information given plainly on the form. The form fully complied with the TILA requirements, except that the blank was not filled in on the date of the closing. Given all the circumstances and applying the principles gleaned from precedent, it is clear from the pleadings that the notice was not defective. That being so, the right of rescission had to be exercised within three business days of the transaction, and it was not extended to three years. Consequently, the plaintiff's

claim based upon the right-to-cancel notice is time-barred because he did not file suit within one year of any alleged TILA violation occurring on June 20, 2006.

Payment Schedule

Plaintiff also contends that the TILA disclosure statement delivered at the time of the time of the closing was defective in that it did not disclose the payment period. (Complaint, Ex. A). More specifically, the disclosure statement did not state that the repayment of of the loan was to be made by "monthly" payments. Plaintiff argues that a statement that payments were due on a monthly basis was a "material" disclosure required by the TILA, and failure to include the information regarding the due dates or payment periods violated the applicable requirement of Regulation Z, codified at 12 C.F.R. § 226.18(g)(1)(requiring that the payment schedule disclose the "number, amounts, and timing of payments scheduled to repay the obligation"). There is no dispute that the document specifies the number and amounts of each payment, and that it provides the date on which payments were to begin. Specifically, the disclosure statement specified a "payment schedule" of: 24 payments in the amount of $791.03, to be due beginning September 1, 2006; with 385 payments of $819.25 to be due beginning September 1, 2008; and a final payment of $804.00 due on August 1, 2036.

The plaintiff argues that the failure to include the phrase "due monthly" or to otherwise indicate that payments were due to be paid once a month rendered the form violative of the TILA. In support of this argument, plaintiff again relies upon the "hyper-technical" reading that has been rejected by most circuit courts of appeal, including the Eleventh. In support of his claim that the failure to state that payments are due "monthly" is a material defect, plaintiff relies upon Hamm, and

two decisions from district courts within the Eleventh Circuit. For all the reasons discussed above, the <u>Hamm</u> decision is not controlling, and the district court decisions cited by plaintiff are not persuasive.

Plaintiff relies upon a case in which the payment period was not spelled out in the contract at issue, citing <u>Prince v. U.S. Bank N.A.</u>, CV 08-574-KD-N, in the United States District Court for the Southern District of Alabama (Doc. 40, Ex. E). That court specifically relied upon <u>Hamm</u>, and employed a "hyper-technical" reading of the TILA regulations, even though the court noted at footnote 5 that "[i]t would seem logical to assume that 24 payments of a certain amount which commenced on March 1, 2007, and were followed by 6 payments of a different amount commencing 2 years, or 24 months, later, on March 1, 2009, would mean monthly [payments]." Likewise in <u>Kitchen v. Ameriquest Mortgage Co.</u>, 2005 U.S. Dist LEXIS 43937 (N.D. Ga,. April 29, 2005), the other case relied upon by plaintiff, that court noted both the "logical appeal of the argument that it should have been obvious to the consumer that payments were due on a monthly basis," and also that other courts within the district have held that "listing the due date for the first and last payments, combined with the number of payments required, properly defines the repayment period." 2005 U.S. Dist. LEXIS 43937 at * 12-13.

The defendant urges that a rejection of the "hyper-technical" analysis compels a result that the material disclosure was sufficient in this case. Defendant relies in part on <u>In re Divittorio</u>, 2009 WL 2246138 (Bankr. D. Mass. July 23, 2009)(remanded on other grounds, 423 B.R. 391 (D. Mass. 2010)). The court in <u>Divittorio</u> employed the First Circuit's "clear and conspicuous" standard, rejecting the "hyper-technical" view. This court is persuaded that the same "clear and conspicuous"

14

standard, applied by the Eleventh Circuit Court of Appeals, applies in this instance. The facts of this case are similar to those in Divittorio. [10] Where, as here, the disclosure makes clear the due dates for the first, the 25th, and last payments, along with the number of payments required, the statement sufficiently enables any reasonable consumer to determine the payment due dates. Such a conclusion is especially appropriate where, as here, the payment schedule conforms to the most common practice for repayment in mortgage lending: monthly payments. Moreover, in this case it is clear that the borrower understood the payment schedule and made timely monthly payments for some time after the loan transaction.[11]

For all the reasons set forth herein, the court is persuaded that the document setting forth the amount and number of payments sufficiently disclosed the payment schedule, and that the plaintiff has no "plausible" grounds for any extension of the three-day rescission period, or the one-year statute of limitations for statutory damages. Therefore, the defendant's motion for judgment on the pleadings as to the claim arising from the payment schedule also is due to be granted.

---

[10] The document at issue in DiVittorio lacked not only the "monthly" designation, but did not include the "beginning on" language, which is contained in the statement at issue here. Thus, the disclosure in DiVittorio was less clear than the one involved here.

[11] Whether a TILA disclosure has been clear and conspicuous is an objective analysis, not dependent upon on the plaintiff's subjective state of mind. Thus, reaching a conclusion as to whether the material disclosures were made in accordance with the TILA does not require an examination of whether the plaintiff was actually deceived. Consideration of a consumer's comprehension, however, is still in keeping with an examination of the issue from the viewpoint of an "average consumer" who is "neither particularly sophisticated nor particularly dense." See, *e.g.*, DiVittorio, 2009 WL 2246138 at * 11.

**RECOMMENDATION**

Based upon the foregoing undisputed facts as alleged in the complaint, the magistrate judge RECOMMENDS that the motion for judgment on the pleadings filed by the defendant, LaSalle, (Doc. 34) be GRANTED, and that plaintiff's remaining individual claims against this defendant be DISMISSED WITH PREJUDICE, and that this action be, therefore, DISMISSED WITH PREJUDICE.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.

DATED this 29TH day of November, 2010.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE